UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DIXON,

    Petitioner,

v.

CASE NO. 2:06-CV-12807
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

S.L. BURT,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on a petition for writ of habeas corpus brought by Robert Dixon, ("Petitioner"), presently confined at the Southern Michigan Correctional Facility in Jackson, Michigan. Petitioner, through retained counsel Robert M. Morgan and Steven E. Scharg, seeks the issuance of a writ of a habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, Mich. Comp. Laws § 750.317, and felony-firearm, Mich. Comp. Laws § 750.227b. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

### I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County circuit court. The Court will recite verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F.Supp.2d 746, 749 (E.D. Mich. 2006):

> In December 2002, Detroit police officers responded to a radio run to investigate a shooting incident at defendant's business. Upon arrival, the investigating officers discovered that the lights were on and the doors were locked from the inside. Through a window, a female could be seen lying on the floor. After the police knocked for a while, defendant answered the door. The officers entered the building and noticed the victim was bleeding from her neck. When the police asked what

happened, defendant indicated that he was playing with his gun when it discharged twice. Defendant had blood on his clothing and was intoxicated. A .38 caliber revolver was recovered from the scene. At trial, defendant offered as his defense that the shooting was an accident that occurred when he dropped his gun. The prosecution presented expert testimony that the gun would not discharge after being dropped while cocked. The jury found defendant guilty as charged.

*People v. Dixon,* No. 249954, * 1 (Mich.Ct.App. November 23, 2004). Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 472 Mich. 941 (2005). Petitioner seeks the issuance of a writ of habeas corpus on the following ground:

1. Petitioner was denied the effective assistance of counsel where his lawyer prevented the jury from being instructed on a lesser charge of manslaughter.

## II. STANDARD OF REVIEW

Section 2254(d) of title 28 of the United States Code imposes the following standard of review for habeas cases arising from state court convictions:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme

2

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. DISCUSSION

Petitioner contends that his trial counsel was ineffective for failing to request or agree to a jury instruction regarding a lesser offense of involuntary manslaughter. The prosecution had requested at the beginning of trial that the trial judge instruct the jury with the cognate lesser offense of involuntary manslaughter. Petitioner's counsel objected, citing to existing Michigan Supreme Court law at the time of petitioner's trial which held that manslaughter was not a necessarily lesser included offense to second-degree murder. (Tr. 6/17/2003 at 37-38).

The Michigan Court of Appeals rejected Petitioner's ineffective assistance of counsel claim on two grounds. First, at the time of Petitioner's trial, prevailing Michigan case law held that manslaughter was not a necessarily included lesser offense of murder. *Dixon,* Slip. Op. at * 2 (citing *People v Cornell*, 466 Mich. 335, 353-57 (2002); *People v Van Wyck*, 402 Mich 266, 269 (1978)). Although the Michigan Supreme Court subsequently overruled its holdings in *Cornell* and *Van Wyck* and held that manslaughter is a necessarily included lesser offense of murder, *see People v Mendoza*, 468 Mich. 527, 533 (2003), under existing law at the time of Petitioner's trial for second-degree murder, an instruction on manslaughter would not have been appropriate. Counsel was therefore not ineffective for failing to request such an instruction. *Dixon,* Slip. Op. at * 2. Second, in light of Petitioner's accident defense, the Michigan Court of Appeals held that defense counsel's strategy of declining a lesser offense instruction and seeking an acquittal through an "all or nothing defense" was a legitimate strategy that the court would not second guess. *Id.*

3

To succeed on an ineffective assistance of counsel claim, the petitioner must meet both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Towns v. Smith*, 395 F. 3d 251, 258 (6th Cir. 2005). The first prong requires the petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The *Strickland* test for ineffective assistance of counsel claims is "stringent." *Goldsby v. U.S.*, 152 Fed. Appx. 431, 435 (6th Cir. 2005). Under the *Strickland* standard, "'[t]he reviewing court's scrutiny of counsel's performance is highly deferential,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Carson v. United States*, 3 Fed. Appx. 321, 324 (6th Cir. 2001)).

Petitioner's ineffective assistance of counsel claim fails for two reasons. First, at the time of Petitioner's trial, the existing Michigan Supreme Court law held that involuntary manslaughter was not a necessarily lesser included offense of second-degree murder. In light of the fact that involuntary manslaughter was not considered a necessarily lesser included offense of second-degree murder at the time of Petitioner's trial, counsel was not ineffective in failing to request an instruction on involuntary manslaughter. *See Cathron v. Jones,* 77 Fed. Appx. 835, 844-45 (6th Cir. 2003).

Second, a failure to request charges on all possible lesser included offenses may be proper trial strategy. *See Colon v. Smith*, 723 F.Supp. 1003, 1008 (S.D.N.Y. 1989). Submission of lesser included offenses may give the jury a basis of finding petitioner guilty of a crime where the

4

prosecution may be unable to prove the elements of the original crime beyond a reasonable doubt. Because counsel may have wished to avoid this possibility, the decision not to request lesser included offenses is not ineffective assistance of counsel. *See Colon*, 723 F. Supp. at 1008. *See also Lewis v. Russell,* 42 Fed. Appx. 809, 810-11 (6th Cir. 2002)(holding trial counsel's failure during murder trial to request jury instruction on lesser-included offense of voluntary manslaughter constituted reasonable strategic decision consistent with defendant's effort to seek full acquittal on basis of self-defense, and thus did not constitute deficient performance); *Edwards v. Mack*, 4 Fed. Appx. 215, 217-18 (6th Cir. 2001)(finding counsel's waiver of jury instructions on lesser-included offenses was not ineffective assistance, where defendant did not want jury instructed on lesser included offenses, but instead hoped to obtain an acquittal by having jury instructed on the murder charge only; moreover, even if counsel pursued strategy without the defendant's permission, it constituted a proper exercise of counsel's judgment to waive lesser included offense instructions). Accordingly, Petitioner has failed to show that he was deprived of the effective assistance of counsel.

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.  The Court declines to issue a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF

UNITED STATES DISTRICT JUDGE

Dated: May 11, 2007

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 11, 2007.

                                          s/Marie E. Verlinde  
                                          Case Manager  
                                          (810) 984-3290